**ORIGINAL**

# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

FILED
SEP 17 2014
U.S. COURT OF
FEDERAL CLAIMS

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * *<br>CAROL DORN, as Mother and<br>Next Friend of HALEY DORN,<br><br>             Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>             Respondent.<br>* * * * * * * * * * * * * * * * * * * * * | No. 13-420V<br>Special Master Christian J. Moran<br><br>Filed: September 17, 2014<br><br>Decision on the record; insufficient proof of causation; human papillomavirus ("HPV") and other vaccines; Hashimoto's thyroiditis; pseudotumor cerebri; Coats disease; postural orthostatic tachycardia syndrome. |

Carol Dorn, Pro Se, Auburn, AL, for petitioner;
Lara A. Englund, United States Dep't of Justice, Washington, DC, for respondent.

## UNPUBLISHED DECISION DENYING COMPENSATION[1]

     On June 25, 2013, Carol Dorn, on behalf of her daughter, Haley, filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §300aa—10 to—34 (2006). In her petition, Ms. Dorn alleges that the human papillomavirus ("HPV"), influenza, meningococcal and tetanus-diphtheria-acellular pertussis ("Tdap") vaccines, which Haley received, caused her to suffer Hashimoto's thyroiditis, pseudotumor cerebri, Coats disease, and postural orthostatic tachycardia syndrome. The information in the record, however, does not show entitlement to an award under the Program.

---

[1] The E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (Dec. 17, 2002), requires that the Court post this decision on its website. Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical information or other information described in 42 U.S.C. § 300aa—12(d)(4). Any redactions ordered by the special master will appear in the document posted on the website.

I.      **Procedural History**

An initial status conference was held on August 15, 2013. Following this conference, Ms. Dorn filed medical records in support of her petition (exhibit 1-11).

On December 16, 2013, respondent filed a Rule 4(c) report concluding that petitioner failed to fulfill the criteria for a Vaccine Table injury and failed to demonstrate by a preponderance of the evidence that Haley's injuries were caused by the vaccines she received. Resp't's Rep., filed Dec. 16, 2013, at 10-13. Respondent additionally argued that Ms. Dorn had failed to rule out Haley's EBV infection and doxycycline prescription as alternative potential causes of her symptoms. Id. at 12.

A status conference was held on December 20, 2013, during which Ms. Dorn stated that she would proceed with locating an expert witness to opine on her case. Another status conference was held on March 31, 2014, to discuss Ms. Dorn's efforts to locate an expert. At this conference, Ms. Dorn reported that she had not yet located an expert but had reached out to attorneys in the Vaccine Program and would continue her search.

A final status conference was held on July 1, 2014. During this conference, Ms. Dorn reported that she had located an expert, but decided not to move forward with retaining him due to the high cost. In light of this, Ms. Dorn was given additional time to reconsider her decision not to retain an expert and also to file any additional evidence in support of her petition. See order, issued July 2, 2014. Ms. Dorn did not file anything further.[2] Accordingly, this case is now ready for adjudication.

II.     **Analysis**

To receive compensation under the National Vaccine Injury Compensation Program, petitioner must prove either 1) that the vaccinee suffered a "Table Injury" – i.e., an injury falling within the Vaccine Injury Table – corresponding to one of the vaccinee's vaccinations, or 2) that the vaccinee suffered an injury that was actually caused by a vaccine. See §§ 300aa—13(a)(1)(A) and 300aa—11(c)(1). An examination of the record did not uncover any evidence that Haley suffered a

---

[2] The status report filed by Ms. Dorn on July 3, 2014, was written on June 27, 2014, and discussed during the July 1, 2014 status conference.

2

"Table Injury." Further, the record does not contain a medical expert's opinion or any other persuasive evidence indicating that Haley's condition was significantly aggravated by a vaccine.

Under the Act, petitioners may not be given a Program award based solely on the petitioners' claims alone. Rather, the petition must be supported by either medical records or by the opinion of a competent physician. § 300aa—13(a)(1). In this case, because the medical records do not support Ms. Dorn's claim, a medical opinion must be offered in support. Ms. Dorn, however, has offered no such opinion. Accordingly, it is clear from the record in this case that Ms. Dorn has failed to demonstrate either that Haley suffered a "Table Injury" or that her injuries were "actually caused" by a vaccination.

**Thus, this case is dismissed for insufficient proof. The Clerk shall enter judgment accordingly.**

Any questions may be directed to my law clerk, Mary Holmes, at (202) 357-6353.

**IT IS SO ORDERED.**

Christian J. Moran
Special Master

3